# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Walker Simmons

March 22, 1995

Case No. (Criminal) 85492

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on the Defendant's motion to reconsider the sentence imposed in this case. The motion will be denied for the reasons which follow.

The defendant, Mr. Walker Simmons, age 28, was convicted of intentionally sexually abusing a female, age 17, who was in his custody at the Braddock Crossing Home. The victim in this case was in protective custody as a result of alleged sexual abuse. Mr. Simmons was employed as a counselor at the Braddock Crossing Home to supervise children with emotional problems. Mr. Simmons admitted to having sexual intercourse with the victim.

Despite the fact that prior to this offense, the Defendant had not been involved with the law, the Court held that the nature of this offense warranted that the Defendant suffer some incarceration. On October 21, 1994, the court sentenced the Defendant to serve five years in the Virginia State Penitentiary, with three years suspended. The Defendant was ordered to serve two years in custody, three years on active probation with special conditions. The special conditions are that the defendant is prohibited from seeking employment or volunteering in any capacity involving children and that the Defendant must participate in mental health counselling.

There are several reasons why the Defendant was sentenced to serve a period of incarceration on his first offense. First, the Defendant betrayed his position of trust as a counselor to the children of Braddock Crossing Home. The residents of this home are children placed there due to severe

emotional problems, many of which are the result of prior sexual abuse. The Defendant's position was to counsel, not to aggravate their problems. Second, the Court wanted to send a clear message to counsellors that they may not engage in sexual relations "consensual" or not with the children they are entrusted to supervise. The Virginia Sentencing Guidelines in this case did not call for incarceration. In my view, the Defendant's abuse of trust in this offense requires some period of incarceration.

In Defendant's Motion for Reconsideration, counsel notes the severe hardship that Mr. Simmons' incarceration has had on his family. Mrs. Simmons can barely provide for the family alone. It is unfortunate that Defendant's actions have had such an adverse effect on his family. The Court recognizes that incarceration has a ripple impact upon the Defendant and his family. The ripple effects of incarceration, such as loss of liberty, employment, and financial strain, are inherent in the structure of the criminal justice system.

Also noted in Defendant's motion is a report that on January 23, 1995, the Parole Board denied parole to the Defendant. The Court is not under any obligation to concern itself with the actions of the Parole Board. However, it is remarkable that the Parole Board did not find Mr. Simmons an appropriate candidate for early release. Mr. Simmons' case will be reviewed by the Parole Board again in June, 1995.

For the reasons stated at the original sentencing hearing, along with those mentioned here, the Court denies Defendant's Motion to Reconsider.